# Exhibit 4

# Translation

# Notice of Dispute

24 November 2008

**Crystallex**
International Corporation

8 King Street East, Suite 1201
Toronto, ON, M5C 1B5 Canada
Tel: 416 203 2448
Fax: 416 203 0099
Website  www.crystallex.com

28 NOV 2008

Ciudadano Rodolfo Sanz
Ministro del Poder Popular para las Industrias Básicas y Minería
Av. La Estancia, Torre las Mercedes, piso 9
Chuao, Caracas – Venezuela

November 24, 2008

Dear Minister Sanz,

In my capacity as Chairman and Chief Executive Officer and duly authorized representative of Crystallex International Corporation (*Crystallex*), a company incorporated in Canada, I am writing to notify you of an investment dispute between Crystallex and the Bolivarian Republic of Venezuela (*Venezuela*) arising out of certain measures taken by Venezuela in breach of the protections provided under the Agreement between the Government of Canada and the Government of the Republic of Venezuela for the Promotion and Protection of Investments, signed on 1 July 1996 which entered into force on 28 January 1998 (the *Treaty*), as well as under Decree Law No 356 for the Promotion and Protection of Investments dated 3 October 1999 (the *Foreign Investment Law*).

The dispute has arisen in connection with conduct and measures culminating in the decision of the Ministry of Environment and Natural Resources not to grant the Authorisation for the Exploitation of Natural Resources (*Autorización de Afectación de Recursos Naturales*, the *Permit*) required by Corporación Venezolana de Guayana (*CVG*) and Crystallex for the operation of the gold mine located in the concession areas named Cristina 4, Cristina 5, Cristina 6 and Cristina 7 in the municipality of Sifontes in the State of Bolivar (*Las Cristinas*), and the subsequent announcement by the Ministry of Basic Industries and Mining of its decision to take control of the operation of Las Cristinas, as described below.

Crystallex entered into a mining operation agreement (*MOA*) with CVG on 17 September 2002 that granted Crystallex the exclusive right to develop Las Cristinas gold deposits. The Board of Directors of CVG selected Crystallex to reactivate, develop and operate Las Cristinas gold mining project in recognition of the "need to select the investor that best guarantees to the Republic that it can transform the dramatic precarious living conditions and unemployment in the Sifontes municipality" (as noted in CVG Resolution no. 8700 dated 2 September 2002).

In accordance with the terms of the MOA, Crystallex took all the necessary steps and fulfilled all of the conditions for the grant of the requisite Permit. Crystallex completed an Economic-Financial, Technical Feasibility Study (*Estudio de Factibilidad Técnico, Economico-Financiero*) for Las Cristinas gold mining project which was formally approved by CVG in March 2004 and by the Ministry of Mines in March 2006. Crystallex also prepared and submitted an Environmental Impact Study (*Estudio de Impacto Ambiental*) which was approved by the Ministry of the Environment. In a letter dated 16 May 2007, the Ministry of the Environment indicated that the only outstanding issue in regards to obtaining the Permit was the

MT

posting of a performance guarantee. Crystallex posted the bond on 22 May 2007 (corrections to this bond were made upon request on 18 September 2007), thus completing all of the legal requirements for the issuance of the Permit, as was acknowledged by the Ministry of the Environment in its communications with the CVG and the National Assembly.

In reliance upon the terms of the MOA, the legal framework governing Las Cristinas project and the representations of the Venezuelan Government, Crystallex made significant investments in Venezuela. As a socially responsible mining company, Crystallex has made valuable contributions to the local community. It has funded educational and scholarship programs, created employment and provided training and social programmes for the surrounding community. It has provided medicine and doctors to the local medical centre, established a new anti-malaria clinic and is completing the construction of a new medical facility. Crystallex has also made improvements to local infrastructure, including paving local roads, building 30 new homes and installing three new water treatment plants and a sewer network. A new sewage treatment plant is in the process of construction.

Notwithstanding fulfilment by Crystallex and CVG of all of the Government's conditions for the grant of the Permit, on 14 April 2008, the request for the Permit was denied by the Director General of the Administrative Office of Permits. Although the Environmental Impact Study for the project had been approved by the Minister of the Environment only a few months earlier, the Director General claimed that the refusal to grant the Permit was based on alleged concerns over the protection of the environment and indigenous peoples in the Imataca forest reserve. No explanation or evidence was provided as to how these concerns were linked to the Las Cristinas mining project, nor was any attempt made to justify the complete reversal of the Ministry's position.

On 28 May 2008 and on 17 June 2008, Crystallex filed administrative appeals against the Director General's decision of 14 April 2008, fully reserving its rights and remedies under Venezuelan law and international law. The Ministry of the Environment, however, has so far failed to reach a decision on these administrative appeals.

Following the notification of Venezuela's decision to deny the Permit, and notwithstanding the earlier approval of the Environmental Impact Study, on 18 June 2008 Crystallex was informed by the Vice Minister of Environmental Planning and Administration, Merly Garcia, that the Ministry of the Environment had been instructed by the Government to reconsider the issuance of the Permit on the condition that Crystallex make certain modifications to the social and environmental aspects of the Las Cristinas project. Accordingly, on 4 August 2008 Crystallex submitted a "Proposal for the Sustainable Development, Alternative Development and Reduction of Environmental Impact of Las Cristinas Project" (the *Proposal*) incorporating the proposed modifications to the Ministry of the Environment. On 20 August 2008, the Vice Minister of the Environment issued Oficio 1719 addressed to Crystallex indicating that the Proposal complied with the Government's environmental and social policies.

Notwithstanding these developments, on 5 November 2008, the Minister of Basic Industries and Mining, Rodolfo Sanz, announced the Government's decision to take over the operation of Las Cristinas, citing Venezuela's need to increase its

international reserves in the context of the global financial crisis. The following day, Minister Sanz was reported to have stated that it planned to enter into an agreement with Russian-owned and Canadian-based mining company Rusoro Mining Ltd to operate Las Cristinas project. Crystallex has not been formally notified of these decisions and has requested clarifications from the Ministry of Basic Industries and Mines without any response.

The measures described above, for which Venezuela is responsible under the Treaty and international law, have caused Crystallex to suffer significant economic loss and damage and constitute a unilateral and fundamental violation of the legal framework applicable to Crystallex's investment in Las Cristinas project as well as a breach of Venezuela's obligations under the Foreign Investment Law, international law and the substantive protections of the Treaty.

As a result of the Government's measures, a dispute between Venezuela and Crystallex with respect to Crystallex's investment in Venezuela has arisen in accordance with Article 12(1) of the Treaty, which is hereby notified to Venezuela. Crystallex emphasises its desire to reach an amicable resolution of this dispute within the six-month period for amicable negotiations established in Article 12(2) of the Treaty. However, if no solution is reached within six months of this notification, Crystallex reserves its right to submit the dispute notified herein to international arbitration to seek appropriate declaratory relief, specific performance and damages. In this regard, Crystallex hereby expresses its unconditional consent (pursuant to the Treaty and the Foreign Investment Law) to submit the dispute to arbitration under the Additional Facility Rules of the International Centre for the Settlement of Investment Disputes (*ICSID*), and to ICSID arbitration should this be available at the time of the filing of a request for arbitration.

Duly authorised Crystallex representatives are available to meet with representatives of the Venezuelan Government at a time and place of their convenience, with the aim of establishing a constructive dialogue which they are confident will enable this matter to be resolved in an amicable manner.

Finally, nothing in this letter should be considered as a limitation of any kind on issues of fact or law, which Crystallex may invoke before an international arbitral tribunal. Crystallex fully reserves its rights and remedies in respect of this dispute under Venezuelan law and international law.

Yours sincerely,

[Signed]

Robert Fung
Chairman and Chief Executive Officer

for Crystallex International Corporation

c.c.

    Minister of the Environment
    Attorney-General of the Republic

[Stamp]

**Original**



8 King Street East, Suite 1201
Toronto, ON, M5C 1B5 Canada
Tel: 416 203 2448
Fax: 416 203 0099
Website : www.crystallex.com

Ciudadano Rodolfo Sanz
Ministro del Poder Popular para las Industrias Básicas y Minería
Av. La Estancia, Torre las Mercedes, piso 9
Chuao, Caracas – Venezuela

24 de noviembre de 2008

Estimado Señor Ministro:

En mi calidad de Chairman y Chief Executive Officer y representante debidamente autorizado de Crystallex International Corporation (*Crystallex*), empresa constituida en Canadá, le escribo a fin de notificarle la existencia de una controversia relativa a una inversión entre Crystallex y la República Bolivariana de Venezuela (*Venezuela*) derivada de determinadas medidas adoptadas por Venezuela en violación de las protecciones previstas en el Acuerdo entre el Gobierno de Canadá y el Gobierno de la República de Venezuela para la Promoción y Protección de Inversiones, firmado el 1 de julio de 1996, y que entró en vigor el 28 de enero de 1998 (el *Tratado*), así como en virtud del Decreto Ley No. 356 para la Promoción y Protección de Inversiones de fecha 3 de octubre de 1999 (la *Ley de Inversiones Extranjeras*).

La controversia surge en relación con la conducta y las medidas que culminaron en la decisión del Ministerio del Poder Popular para el Ambiente de no conceder la "Autorización de Afectación de Recursos Naturales" (el *Permiso*) solicitada por la Corporación Venezolana de Guayana (*CVG*) y Crystallex para la operación de las minas de oro situadas en las áreas de las concesiones denominadas Cristina 4, Cristina 5, Cristina 6 y Cristina 7 (*Las Cristinas*), como se describe a continuación, y el posterior anuncio del Ministerio del Poder Popular para las Industrias Básicas y Minería (*MIBAM*) de su decisión de asumir el control de las operaciones de Las Cristinas.

Crystallex suscribió un contrato de operación minera (*COM*) con la CVG el día 17 de septiembre de 2002, que concedió a Crystallex el derecho exclusivo para desarrollar las minas de oro de Las Cristinas. El Directorio de la CVG eligió a Crystallex para reactivar, desarrollar y operar el proyecto minero de Las Cristinas reconociendo la "necesidad de seleccionar al inversor que mejor garantía ofrezca a la República para transformar el dramático cuadro de desempleo y condiciones precarias de vida del Municipio Sifontes" (como se señala en la Resolución de la CVG No. 8700 de fecha 2 de septiembre de 2002).

De conformidad con los términos del COM, Crystallex tomó todas las medidas necesarias y cumplió con todas las condiciones para el otorgamiento del Permiso. Crystallex presentó un "Estudio de Factibilidad Técnico, Económico-Financiero" para el proyecto minero Las Cristinas que fue aprobado por la CVG en marzo de 2004 y por el MIBAM en marzo de 2006. Crystallex también preparó y presentó un "Estudio de Impacto Ambiental", que fue a su vez aprobado por el Ministerio del Ambiente. Mediante Oficio de fecha 15 de mayo de 2007, el Ministerio del Ambiente indicó que el único requisito pendiente para el otorgamiento del

Permiso, era la consignación de una Fianza de Fiel Cumplimiento. Crystallex presentó la fianza el 22 de mayo de 2007 (ciertos cambios a la fianza se realizaron a solicitud de las autoridades el 18 de septiembre de 2007), completando así la totalidad de los requisitos legales para el otorgamiento del Permiso, como fuera reconocido por el Ministerio del Ambiente en sus comunicaciones con la CVG y la Asamblea Nacional.

Basados en lo dispuesto en el COM, en el marco jurídico que rige el proyecto Las Cristinas y en las afirmaciones y representaciones de parte del Gobierno de Venezuela, Crystallex realizó inversiones significativas en Venezuela. Como empresa minera socialmente responsable, Crystallex hizo valiosas contribuciones a la comunidad local, creando empleo, financiando programas educativos y de becas y ofreciendo programas de formación para las comunidades circundantes. Crystallex provee médicos y medicamentos al centro médico local, creó una nueva clínica contra la malaria y está completando la construcción de un nuevo centro médico. Asimismo, Crystallex realizó trabajos de infraestructura en la zona, incluyendo la pavimentación de caminos, la construcción de 30 viviendas, la instalación de tres nuevas plantas de tratamiento de aguas y de una red de alcantarillado y la construcción actual de una nueva planta de tratamiento de aguas residuales.

A pesar del cumplimiento por parte de Crystallex y la CVG de todas las condiciones impuestas por el gobierno para el otorgamiento del Permiso, el 14 de abril de 2008, la solicitud del Permiso fue denegada por el Director General de la Oficina Administrativa de Permisiones. A pesar de que el Estudio de Impacto Ambiental para el proyecto había sido aprobado por el Ministerio del Ambiente pocos meses antes, el Director General afirmó que la negativa a conceder el Permiso se basaba en supuestas preocupaciones sobre la protección del medio ambiente y los pueblos indígenas en la Reserva Forestal de Imataca. No se ofreció ninguna explicación o prueba en cuanto a cómo estos problemas estarían vinculados al proyecto minero Las Cristinas, ni se hizo ningún intento para justificar el cambio total en la posición del Ministerio.

El 28 de mayo y el 17 de junio de 2008, Crystallex presentó un recurso administrativo contra la decisión del Director General de fecha 14 de abril de 2008, reservando completamente sus derechos y recursos previstos en la legislación venezolana y el derecho internacional. La Ministra del Ambiente, sin embargo, no ha dictado hasta el momento decisión alguna sobre los mencionados recursos administrativos.

Luego de la notificación de la decisión de Venezuela de denegar el Permiso, el 18 de Junio de 2008, y no obstante la previa aprobación del Estudio de Impacto Ambiental, Crystallex fue informada por la Viceministra de Ordenación y Administración Ambiental, Ing. Merly García, de que el Ministerio del Ambiente había recibido instrucciones del Gobierno de reconsiderar el otorgamiento del Permiso, bajo la condición de que Crystallex hiciera ciertas modificaciones a los aspectos sociales y ambientales del proyecto Las Cristinas. Conforme a lo anterior, Crystallex presentó sus "Propuestas del Desarrollo Sostenible, Alternativas de Desarrollo y Minimización de Impactos Ambientales en el Proyecto Las Cristinas" (las **Propuestas**) implementando las modificaciones propuestas por el Ministerio del Ambiente. El 20 de Agosto de 2008, la Viceministra, mediante Oficio No. 1719 dirigido a Crystallex, indicó que las Propuestas tendían "al apego de las líneas gubernamentales en materia ambiental y social".

A pesar de los acontecimientos mencionados, el 5 de noviembre de 2008, el Ministro de Industrias Básicas y Minería, Rodolfo Sanz, anunció la decisión del Gobierno de asumir la operación de Las Cristinas, aduciendo la necesidad de Venezuela de incrementar sus reservas

2

internacionales en el contexto de la crisis financiera global. Al día siguiente se informó que el Ministro Sanz había declarado que se planeaba suscribir un acuerdo con la compañía minera Rusoro Mining Ltd, de capitales rusos y con sede en Canadá, para operar el proyecto Las Cristinas. Crystallex no ha sido notificada formalmente de estas decisiones y solicitó aclaraciones de parte del MIBAM, sin que haya obtenido respuesta alguna al respecto.

Las medidas descritas anteriormente, por las cuales Venezuela es responsable de conformidad con el Tratado y el derecho internacional, han causado importantes pérdidas y daños económicos a Crystallex y constituyen una violación unilateral y fundamental del marco jurídico aplicable a la inversión de Crystallex en el proyecto Las Cristinas, así como un incumplimiento de las obligaciones de Venezuela de conformidad con la Ley de Inversiones Extranjeras, el derecho internacional y las protecciones sustantivas del Tratado.

Como resultado de las medidas del Gobierno, ha surgido una controversia entre Venezuela y Crystallex en relación con las inversiones de Crystallex en Venezuela, conforme a lo establecido en el artículo 12(1) del Tratado, la cual es notificada por la presente a Venezuela. Crystallex hace hincapié en su deseo de lograr una solución amigable de esta controversia dentro del plazo de seis meses establecido en el artículo 12(2) del Tratado. Sin embargo, de no lograrse una solución en el período de seis meses a partir de la presente notificación, Crystallex se reserva el derecho de someter la presente controversia a arbitraje internacional a fin de obtener la protección declarativa de sus derechos, la ejecución del contrato y una compensación por daños. En ese caso, Crystallex mediante la presente expresa su consentimiento incondicional (de conformidad con el Tratado y la Ley de Inversiones Extranjeras) para someter la controversia a arbitraje bajo el Reglamento del Mecanismo Complementario del Centro Internacional de Arreglo de Diferencias Relativas a Inversiones (**CIADI**), o a arbitraje CIADI, en caso de que el mismo esté disponible al momento de presentar la solicitud de arbitraje.

Representantes de Crystallex debidamente autorizados se encuentran disponibles para reunirse con los representantes del Gobierno de Venezuela, en la oportunidad y lugar que ellos consideren conveniente, con el fin de entablar un diálogo constructivo que, entendemos, permitirá solucionar este asunto de manera amigable.

Finalmente, nada de lo expuesto en la presente notificación constituye una renuncia o limitación de los derechos, o de las cuestiones de hecho o de derecho o de los argumentos que Crystallex pueda invocar ante un tribunal arbitral internacional. Crystallex se reserva completamente sus derechos y recursos en relación con esta controversia de conformidad con la legislación venezolana y el derecho internacional.

Atentamente,

Robert Fung
Chairman and Chief Executive Officer

por Crystallex International Corporation

C.c.: Ministra del Poder Popular para el Ambiente
Procuradora General de la República

3