UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, | : : : | |
| Petitioner, | : : | Civil Action No.:   16-0661 (RC) |
| v. | : : | Re Document No.:   36 |
| BOLIVARIAN REPUBLIC OF VENEZUELA | : : : | |
| Respondent. | : | |

## ORDER

### GRANTING PETITIONER'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963

On March 25, 2017, this Court issued a Memorandum Opinion and separate Order confirming an arbitral award and entering judgment in favor of Petitioner Crystallex International Corporation. Petitioner now moves for an order pursuant to 28 U.S.C. § 1610(c) holding that a reasonable time has elapsed since that date such that it may seek to attach Respondent Bolivarian Republic of Venezuela's assets to aid in the execution of its judgment. Petitioner also seeks permission to register the judgment in other judicial districts, pursuant to 28 U.S.C. § 1963. Respondent opposes the requested relief on a variety of theories.[1] Finding that

---

[1] Among other arguments, Respondent contends that Petitioner's motion should be denied because Petitioner "failed to comply with the mandate of Local Civil Rule 7(m)" to discuss nondispositive motions with opposing counsel before filing. Resp.'s Opp'n at 7–9, ECF No. 37. Characteristic of the parties' positions in this matter, the parties dispute whether and to what extent consultation occurred. *Compare* Crystallex's Reply Supp. Mot. (Pet.'s Reply) at 10–11, ECF No. 38, *with* Opp'n Crystallex's Mot. (Resp.'s Opp'n) at 7–9, ECF No. 37.
    The Court reminds the parties to diligently confer and be mindful of the burden placed on the Court, but declines to resolve Petitioner's motion on Rule 7(m) grounds. *Cf. Equal Rights Ctr. v. Post Props., Inc.*, 246 F.R.D. 29, 32 (D.D.C. 2007).

two months is a reasonable time and that good cause has been shown, the Court will grant the requested relief under § 1610(c) and § 1963.

### A.  Relief Pursuant to § 1610(c)

Under 28 U.S.C. § 1610(c), where a litigant seeks to attach the property of a foreign state located in the United States, such attachment is not permitted "until the court has . . . determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." Here, Respondent does not dispute that it has received the required notice, and has in fact appealed the judgment. *See* Notice of Appeal, ECF No. 34.

The statute does not specify how courts should assess a reasonable time. *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8 (D.D.C. 2015). As Respondent notes, the reasonable time requirement exists because "governments often must engage in time-consuming procedures, such as enacting laws or regulations, before judgments can be paid." Opp'n Crystallex's Mot. (Resp.'s Opp'n) at 2, ECF No. 37. Courts have therefore considered "evidence that the foreign state is actively taking steps to pay the judgment," the steps necessary to pay the judgment, or evidence of evasion of the judgment. *Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001). The length of a reasonable time "will of course vary according to the nuances of each case." *Id.*

This Court's Order was entered on March 25, 2017. Order, ECF No. 31. The Clerk of Court entered a judgment on April 7, 2017. Clerk's Judgment, ECF No. 33. Assuming, *arguendo*, that the later date governs, more than 60 days have passed from the Clerk's entry of judgment. The Court finds that 60 days constitutes a reasonable time in this case. This conclusion is bolstered by Respondent's failure to assert that it is attempting to pay the judgment

or provide any evidence of such efforts. Several courts have noted that the absence of progress towards paying a judgment weighs against an extended pause prior to permitting attachment. *See, e.g.*, *Owens*, 141 F. Supp. 3d at 8; *Ned Chartering*, 130 F. Supp. 2d at 67. The conclusion that 60 days is a reasonable time is also in harmony with the conclusions of other courts in this circuit. *See, e.g.*, Order, *Gold Reserve Inc. v. Bolivarian Republic of Venezuela*, No. 1:14-cv-2014 (D.D.C. Jan. 20, 2016), ECF No. 48 (finding that two months was a reasonable time under § 1610(c)); *Owens*, 141 F. Supp. 3d at 8 ("[C]ourts have found periods of three months and less reasonable." (collecting citations)); *Ned Chartering*, 130 F. Supp. at 67 (finding that six weeks satisfied § 1610(c) because that period was "sufficient for most governments to pass the minor legislation necessary to appropriate funds, and to organize and transfer the appropriate assets" and because "there [wa]s no evidence that the defendant ha[d] taken any steps towards the payment of its debt"); *cf.* Resp.'s Opp'n at 7 (characterizing the general time required as "several months"). The Court therefore concludes that a reasonable time has passed and that Petitioner may seek to attach Respondent's assets as per § 1610(c).

### B.  Relief Pursuant to § 1963

28 U.S.C. § 1963 provides that a party may register a judgment in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal *or when ordered by the court that entered the judgment for good cause shown*." (emphasis added). Petitioner seeks such an order for good cause. "[G]ood cause can be established by an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Spray Drift Task Force v. Burlington Bio-Med. Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) (quoting *Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002)).

Here, Petitioner "has been unable to identify any commercial assets belonging to [Respondent] in the District of Columbia but believes" that Respondent possesses assets elsewhere in the United States, including in Delaware. Crystallex's Mot. Relief (Pet.'s Mot.) at 8, ECF No. 36. The assets Petitioner identifies are connected to Respondent through a variety of corporate structures. *See* Pet.'s Mot. at 8 (listing "Delaware entities—in particular [Respondent's] indirect subsidiaries, PDVH, CITGO Holding, and CITGO Petroleum"); Crystallex's Reply Supp. Mot. (Pet.'s Reply) at 7, ECF No. 38 ("[I]t is undisputed [Respondent] is the direct and indirect sole owner of corporations—including Petróleos de Venezuela, S.A. ('PDVSA'), PDV Holding, Inc. ('PDVH'), CITGO Holding, Inc. ('CITGO Holding'), and CITGO Petroleum—that have substantial assets in Delaware, among other districts."). Respondent objects that Petitioner has presented no evidence of assets that it—rather than a corporate subsidiary—owns in Delaware, and argues that none of the purported assets is subject to the judgment. Resp.'s Opp'n at 10. Respondent does not dispute that it has no assets in the District of Columbia. Nor does Respondent dispute the general contours of the assets that Petitioner identifies, instead challenging only whether those assets would be subject to a judgment against Respondent, given the legal status of the corporate subsidiaries. Resp.'s Opp'n at 10–11.

The Court declines the invitation to adjudicate whether or not those assets will ultimately be attachable by Petitioner because such a determination is unnecessary at this stage. As Petitioner notes, this Court's determination that good cause exists to register the judgment has no bearing on whether any assets will ultimately be "leviable" to satisfy the judgment and the Court takes no position on that issue. Pet.'s Reply at 7.

Based on Petitioner's undisputed representations that no assets exist in the District of Columbia, but assets connected to Respondent exist in Delaware, the Court will grant

4

Petitioner's motion to register the judgment in any district. *Cf. Chevron Corp. v. Republic of Ecuador*, 987 F. Supp. 2d 82, 85 (D.D.C. 2013) ("[T]he Court believes that the better view is to allow registration 'in any other district,' 28 U.S.C. § 1963, once good cause has been shown that 1) the defendant has an absence of assets in the judgment forum and 2) the defendant has substantial assets in other forums. . . . If, as [the defendant] requests, the Court specified which districts [the plaintiff] could register in, [the defendant] could then move the assets elsewhere before they could be seized." (collecting citations)).

*   *   *

For the reasons stated above, it is hereby **ORDERED** that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963 (ECF No. 36) is **GRANTED**;

2. the Court finds that Respondent has received notice of the judgment and a reasonable time has now elapsed under 28 U.S.C. § 1610(c) following entry of the judgment in this case; and

3. the Court finds good cause to permit Petitioner to register the judgment in other judicial districts of the United States, including the District of Delaware.

    **SO ORDERED**.

Dated: June 9, 2017                                                  RUDOLPH CONTRERAS
                                                                     United States District Judge