UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CRYSTALLEX INTERNATIONAL CORPORATION, : | |
| : | |
| Petitioner, : | Civil Action No.:   16-0661 (RC) |
| : | |
| v. : | Re Document No.:   40 |
| : | |
| BOLIVARIAN REPUBLIC OF VENEZUELA : | |
| : | |
| Respondent. : | |

# ORDER

**DENYING RESPONDENT'S MOTION TO STAY EXECUTION OF JUDGMENT PENDING APPEAL**

This Court has previously confirmed an arbitral award of more than one billion dollars in favor of Petitioner Crystallex International Corporation (Crystallex). Order, ECF No. 31; Mem. Opinion, ECF No. 32. Respondent Bolivarian Republic of Venezuela (Venezuela) appealed that ruling to the D.C. Circuit. Notice of Appeal, ECF No. 34. Venezuela now requests that this Court stay its judgment pending the completion of the appeal, without requiring Venezuela to post a supersedeas bond.[1] *See generally* Resp't's Mot. Stay Exec. J. Pending Appeal (Resp't's Mot.), ECF No. 40.

Federal Rule of Civil Procedure 62 provides for an automatic stay pending an appeal if the appellant posts a supersedeas bond. *See* Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . ."); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) ("Beyond question, Rule 62(d) entitles the appellant who

---

[1] Venezuela also requests oral argument on its motion to stay execution. *See* Resp't's Mot., ECF No. 40. Because oral argument would not assist it in reaching a decision, the Court denies the motion. *See* LCvR 7(f).

files a satisfactory supersedeas bond to a stay of money judgment *as a matter of right*." (emphasis added)). However, here Venezuela seeks a stay without posting a supersedeas bond.

A district court may depart from the normal course and grant an unsecured stay at its discretion and under appropriate circumstances. *Fed. Prescription Serv.*, 636 F.2d at 757–58 ("Rule 62(d) . . . does not prohibit the district court from exercising a sound discretion to authorize unsecured stays in cases it considers appropriate."). However, the D.C. Circuit has noted that these circumstances are "unusual" and "a full supersedeas bond should be the requirement in normal circumstances." *Id.* at 760. A court should "place the burden on the moving party to objectively demonstrate the reasons for such a departure" when granting a stay in the absence of a supersedeas bond. *Godfrey v. Iverson*, No. 05-2044, 2007 WL 3001426, at *1 (D.D.C. Oct. 16, 2007) (quoting *Grand Union Co. v. Food Emp'rs Labor Relations Ass'n*, 637 F. Supp. 356, 357 (D.D.C. 1986)).

Before addressing the factors that the D.C. Circuit identified in *Federal Prescription Service*, the Court first addresses Venezuela's argument that courts have "generally" "declined to require foreign sovereigns to post security as a condition for obtaining a stay." Resp't's Mot at 2. However, as Crystallex notes, the cases Venezuela relies on for this proposition are inapposite. Crystallex's Opp'n Resp't's Mot. Stay Execution (Pet'r's Opp'n) at 5–7, ECF No. 41. None provides significant analysis of why a foreign sovereign should receive different default treatment, and most arise in different contexts than this motion. *See, e.g.*, Endorsement, *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, No. 14-8163 (S.D.N.Y. Mar. 13, 2017), ECF No. 101 (comprising only two sentences added as an order on the parties' status report); *DRC, Inc. v. Republic of Honduras*, 774 F. Supp. 2d 66 (D.D.C. 2011), *vacated*, 999 F. Supp. 2d 1 (D.D.C. 2012) (addressing the court's authority to stay a judgment under the Inter-American

Convention while a collateral proceeding was ongoing, later vacated); *see also Stati v. Republic of Kazakhstan*, 199 F. Supp. 3d 179 (D.D.C. 2016) (addressing the *Europcar* factors during a concurrent challenge to an arbitral award); *Matter of Arbitration of Certain Controversies Between Getma Int'l & Republic of Guinea*, 142 F. Supp. 3d 110 (D.D.C. 2015) (same). Finally, to the extent that these decisions relied on the assumption that a sovereign state "presumably is solvent," *DRC*, 774 F. Supp. 2d at 76, the Court finds that Crystallex has presented sufficient evidence to question that presumption in this case.

Furthermore, the existence of such a blanket rule is belied by a number of decisions refusing to grant foreign sovereigns a stay without a supersedeas bond. *See, e.g.*, Order, *Gold Reserve Inc., v. Bolivarian Republic of Venezuela*, No. 14-2014 (D.D.C. Feb. 24, 2016), ECF No. 58; *Baker v. Socialist People's Libyan Arab Jamahirya*, 810 F. Supp. 2d 90 (D.D.C. 2011); *see also Micula v. Gov't of Romania*, No. 15 Misc. 107, 2015 WL 4643180 (S.D.N.Y. Aug. 5, 2015). Because there is no consensus that a foreign sovereign should be exempted from the default rule, the Court turns to the *Federal Prescription Service* factors.

In *Federal Prescription Service*, the D.C. Circuit held that requiring a supersedeas bond is appropriate "where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case" or "where posting adequate security is practicable." *Fed. Prescription Serv.*, 636 F.2d at 760. In sum, the question is whether a stay unsecured by a supersedeas bond would "unduly endanger the judgment creditor's interest in ultimate recovery." *Id.* at 760–61.

First, the Court finds that there is some likelihood that Venezuela will be either unwilling or unable to satisfy the full judgment at the end of this case. Crystallex argues that Venezuela's current economic situation is "precarious" and cites multiple sources of analysis supporting this

3

conclusion. Pet'r's Opp'n at 7–8, 10; *see also* Nathan Crooks, *Venezuela Credit Dashboard: Default Risk Spikes as Payment Looms*, Bloomberg (Apr. 3, 2017), ECF No. 41-2; Dimitra DeFotis, *Venezuela: Pdvsa Default Risk Real, Outlook Negative, S&P Says*, Barron's (Feb. 28, 2017), ECF No. 41-3; *Russia Confirms Venezuela Defaulted on $1 Billion*, Latin American Herald Tribune (June 22, 2017), ECF No. 41-4. Although Venezuela argues that "[t]he reports of Venezuela's 'looming insolvency' are greatly exaggerated," Resp't's Reply Supp. Mot. Stay Execution (Rep't's Reply) at 5, ECF No. 43, it does not plainly assert that it will be able to satisfy the entire amount. *Cf.* Pet'r's Opp'n at 12 ("Venezuela has failed to offer even the thin reassurance it offered at an earlier stage in these proceedings . . . that 'Venezuela has adequate financial resources to pay the award.'"). Nor has Venezuela's conduct thus far demonstrated unmistakably its intent and ability to pay. *Cf.* Order, *Gold Reserve Inc., v. Bolivarian Republic of Venezuela*, No. 14-2014 (D.D.C. Feb. 24, 2016), ECF No. 58 ("At the end of the day, the Court notes that Venezuela has expended a great deal of time and money in attempting to delay (by entirely legal means) the ultimate enforcement of the arbitration award.").

In addition to the overall economic milieu, Crystallex argues that Venezuela both avoids paying arbitral awards in general, Pet'r's Opp'n at 7–8, and has attempted to avoid paying this award in particular, Pet'r's Opp'n at 9–10. For example, Crystallex claims that Venezuela is currently attempting to move assets out of the United States through its wholly-owned subsidiary, as discussed in proceedings before the District of Delaware. Pet'r's Opp'n at 9. Although Venezuela argues that "it has settled claims made in many other arbitrations," Resp't's Mot at 5, it never asserts that it is willing to satisfy the full judgment in this case. *Cf.* Pet'r's Opp'n at 12 ("[E]ven now Venezuela has yet to commit to honoring this Court's Judgement if

unsuccessful . . . ."). Nor has Venezuela identified any concrete steps that it has taken to prepare to pay the judgment, if necessary.

Second, Venezuela has not shown that posting a supersedeas bond would be impractical. Although Venezuela states that paying a bond would involve a "high cost" and "burdensome non-recoverable costs," Resp't's Mot. at 4, it does not argue that it could not, as a practical matter, provide a bond. The Court therefore finds that posting an adequate security is practicable. Nor does Venezuela identify any case in which a court has considered the non-recoverable costs associated with posting a bond as a factor militating against requiring a supersedeas bond. To the extent that Venezuela argues that the size of the supersedeas bond would be burdensome simply because of its magnitude, the Court notes that the purpose of the bond is to provide security to the other party, which necessarily also stands to lose a concomitantly large amount if the party seeking the stay defaults.

In light of these considerations, the Court turns to the ultimate question of whether granting a stay without a supersedeas bond would unduly endanger Crystallex's interest in recovery.[2] Given the unrebutted concerns that Crystallex has raised concerning Venezuela's ability to pay the award, and Venezuela's failure to show that posting a supersedeas bond would

---

[2] Venezuela argues that the *Federal Prescription* test hinges on three factors slightly different than those the Court has discussed. *See* Resp't's Reply at 2 n.3; *see also Godfrey v. Iverson*, No. 05-2044, 2007 WL 3001426, at *1 (D.D.C. Oct. 16, 2007) (describing the *Federal Prescription* test as focusing on "(1) the amount of the money award; (2) the documented net worth of the judgment debtors; and (3) whether the judgment debtors are D.C. residents, and if so, whether there is any indication that they may leave the jurisdiction before the completion of the appeals process"). The Court views these alternative factors as merely a different gloss on determining whether or not unusual circumstances exits that demonstrate that the non-appealing party will not be placed at risk by granting an unsecured stay. The Court's conclusion would remain the same in any event, given that (1) the amount of the judgment here is very large, (2) Crystallex has questioned—and Venezuela has not full-throatedly defended—Venezuela's resources to pay, and (3) Venezuela is a sovereign entity that does not reside in D.C.

be impractical, the Court concludes that granting a stay in the absence of a bond may impair Crystallex's interests. At the very least, the Court is unable to conclude that Crystallex's interests would not be injured, and therefore declines to stay the case. This conclusion is without prejudice to Venezuela's ability to file a renewed motion for a stay accompanied by a supersedeas bond.

*   *   *

For the reasons stated above, it is hereby **ORDERED** that Respondent's motion to stay execution of judgment pending appeal (ECF No. 40) is **DENIED**.

    **SO ORDERED**.

Dated: August 8, 2017                                               RUDOLPH CONTRERAS
                                                                                 United States District Judge